**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*pro hac vice* forthcoming)
*spencer@spencersheehan.com*
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone: (516) 268-7080
Facsimile: (516) 234-7800

**THE KEETON FIRM LLC**
Steffan Keeton (*pro hac vice* forthcoming)
*stkeeton@keetonfirm.com*
100 South Commons, Suite 102
Pittsburgh, Pennsylvania 15212
Telephone: (888) 412-5291

*Counsel for Plaintiffs Aitana Vargas and
Faye Hemsley and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AITANA VARGAS *and* FAYE HEMSLEY, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ELANCO ANIMAL HEALTH INCORPORATED, <br><br> Defendant. | Case No. 2:21-cv-02506 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1   Plaintiffs Aitana Vargas and Faye Hemsley (together, "Plaintiffs"),
2   individually and on behalf of all others similarly situated, bring this Class Action
3   Complaint against Elanco Animal Health Incorporated ("Defendant" or "Elanco"),
4   and on the basis of personal knowledge, information and belief, and investigation of
5   counsel, allege as follows. The Court has original subject matter jurisdiction over
6   this proposed class action pursuant to 28 U.S.C. § 1332(d).

7                              **ALLEGATIONS OF FACT**

8   1.      Defendant manufactures, distributes, markets, labels, and sells collars
9   for dogs and cats under its "Seresto" brand purporting to kill and repel fleas and ticks
10  (the "Product" or "Products").

11  2.      During the period from March 22, 2015, to the present, Plaintiffs
12  purchased the Seresto collar Products for their pets.

13  3.      The Seresto Products, like other flea and tick collars, work by releasing
14  small amounts of pesticide onto the animal for months at a time.

15  4.      However, according to a recent report by the Midwest Center for
16  Investigative Reporting ("MCIR") and USA TODAY, based on information
17  obtained by the Center for Biological Diversity ("CBD") from the Environmental
18  Protection Agency ("EPA"), thousands of pets are being harmed and dying from the
19  Seresto collar Products. Jonathan Hettinger, MIDWEST CENTER FOR INVESTIGATIVE
20  REPORTING, *Popular flea collar linked to almost 1,700 pet deaths. The EPA has*
21  *issued no warning.*, INVESTIGATEMIDWEST.ORG (Mar. 2, 2021),
22  https://investigatemidwest.org/2021/03/02/popular-flea-collar-linked-to-almost-
23  1700-pet-deaths-the-epa-has-issued-no-warning/.

24  5.      According to MCIR's report, the dangers posed by the Seresto collar
25  Products have been known for years to the EPA and Elanco.

26  6.      Nevertheless, the Seresto Products continue to be sold to consumers
27  and their four-legged companions.

28  7.      Since the Seresto Product's introduction, those who experienced its

harmful effects complained through Amazon.com's customer reviews, through social media, to the EPA, and to Elanco's previous owner, German conglomerate Bayer.

8.     These complaints run the gamut from skin irritation to neurological issues including seizures to death.

9.     Yet nowhere in the labeling, advertising, statements, warranties, and/or packaging of the Seresto collar Products does Defendant disclose that the Products can cause severe injury and/or death in the dogs and cats who wear them and to their human caregivers.

10.     Defendant warrants, promises, represents, labels, and/or advertises that the Seresto collar Products are safe for use through the pictures of the happy, healthy dogs and cats which appear on the front of the Product packaging.

11.     While the front packaging (see below) indicates the Products are (intentionally) harmful to ticks and fleas—stating "Kills and Repels Fleas and Ticks"—it omits that the Products may also kill or seriously injure the dogs or cats that wear them.



12.     While pet collars have a history of harmful side effects, the number and seriousness of those associated with the Seresto collar Product exceed anything seen previously.

13.     For example, other flea and tick collars contain the pesticide tetrachlorvinphos as their active ingredient, which has been "linked to cancer and brain development issues in children." Hettinger, MCIR, *supra* p. 1.

14.     Between 1992 and 2008, the EPA received approximately 4,600 incident reports and 363 reported deaths connected with collars containing tetrachlorvinphos.[1] *Id.*

15.     Based on MCIR's review of EPA data, there have been over 75,000 incident reports, at least 1,698 pet deaths, and close to 1,000 reports of harm to animal caregivers from the introduction of the Seresto collar Products in 2012

---

[1] Tetrachlorvinphos is the pesticide contained in pet collars marketed under the brand names "Hartz Ultraguard," "Hartz InControl," and "Longlife."

through June 2020. *Id.*

16. On a per year basis, the incident reports for the Seresto collar Product are thirty times greater and reported deaths 10 times greater than for pet collars based on tetrachlorvinphos.

17. These numbers are likely several magnitudes less than total incidents, because, according to Nathan Donley, an expert on U.S. pesticide regulation and scientist with CBD, "Most of the time, people are not going to make the connection or they're not going to take an hour or so out of the day and figure out how to call and spend time on hold." *Id.*

18. The main ingredients in the Seresto collar Products are the pesticides imidacloprid and flumethrin.

19. Imidacloprid is in the neonicotinoid class of insecticides, commonly used on crops.

20. Neonicotinoids have been linked to "massive die-offs of non-target insects such as bees and butterflies," and imidacloprid "is banned in the European Union for outdoor use." Hettinger, MCIR, *supra* p. 1.

21. Flumethrin—which is only used in the Seresto collar Product—is a nervous system disruptor, which can cause seizures, paralysis, hyperactivity, and death.

22. The Seresto collar Product was approved by the EPA based on studies sponsored by then-owner Bayer, the German chemical company behind Monsanto and Roundup, the carcinogenic weed killer.

23. The studies only examined each component separately, but according to MCIR, the combination of these two pesticides is especially potent. MCIR states:

> [A] 2012 Bayer study found they have a "synergistic effect,"
> meaning they are more toxic together on fleas. The study found
> that the "unique pharmacological synergism" works as quickly
> as six hours to prevent ticks from attaching and feeding,

1    preventing disease transmission.

2  Hettinger, MCIR, *supra* p. 1.

3    24.    According to Donley, the CBD scientist, the Seresto Product's harmful

4  effects may be due to "a reaction of inactive ingredients, which are unknown and

5  have caused problems in spot-on treatments." *Id.*

6    25.    The harmful effects of the Products—seizures, vomiting, heart

7  arrhythmia, fatigue, and even death—have been experienced by pet owners and their

8  families.

9    26.    While the Seresto collar Product is designed to harm and kill fleas and

10  ticks, it is not supposed to harm and kill its wearers and their caregivers.

11                    **PARTIES**

12  **Plaintiffs Aitana Vargas and Faye Hemsley**

13    27.    Plaintiff Aitana Vargas is a resident of Los Angeles, California.

14    28.    Plaintiff Vargas is the owner of a 10-year-old Siberian Husky named

15  "Lolita" (pictured below), whom she adopted at three years old.



29.   Plaintiff Vargas first purchased the Seresto collar Product for Lolita in March 2020.

30.   Plaintiff Vargas purchased her second Seresto collar Product (see picture below) for Lolita in or around November 2020.



31.   Plaintiff Vargas purchased the Seresto collar Products for Lolita at PetSmart, 850 South Hope Street, Los Angeles, California.

32.   In early January 2021, Plaintiff Vargas observed a small lump on Lolita's neck, close to where the Seresto collar Product is located.

33.   This tumor grew quickly in size, causing Lolita to bleed and pant profusely.

34.   Lolita's veterinarian diagnosed this as a soft tissue sarcoma ("STS"), grade 2, which was removed following emergency surgery in January 2021.

35.   Plaintiff Faye Hemsley is a citizen of Huntingdon, Huntingdon County, Pennsylvania.

36.   Plaintiff Hemsley is active in her community rescuing dogs who need

1   homes.

2       37.    In or around 2008, she adopted a black and brown terrier mix named

3   "Tigger Shadow" Hemsley (pictured below).



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21      38.    In or around January 2020, Plaintiff Hemsley purchased the Seresto flea

22  collar Product for 13-year-old Tigger for the first time at a Wal-Mart in or around

23  Altoona, Pennsylvania.

24      39.    Around February 19, 2020, Tigger appeared for an annual checkup at

25  his veterinarian's office with Plaintiff Hemsley. There were no conditions or

26  symptoms that gave any cause for immediate concern for Tigger's health.

27      40.    On February 24, 2020, Tigger suddenly passed away in Plaintiff

28  Hemsley's arms after her son attempted to take him outside for his walk.

41.     Plaintiffs relied on the ubiquitous advertising and marketing in digital, print, and television media touting the catchy jingle of the Seresto Products.

42.     Plaintiffs read and relied on the Seresto collar Product's label and packaging and were exposed to the consistent and ubiquitous advertising for the Seresto collar Products before purchasing them, which indicated the Products were safe for use by pets and their caregivers.

43.     Had Plaintiffs known the Seresto collar Products would cause, or increase the likelihood of causing, serious injury and/or death, they would not have purchased them.

44.     Plaintiffs paid more for the collar Products than they otherwise would have absent Defendant's deceptive representations and omissions at issue.

45.     Plaintiffs decided to purchase the Seresto collar Products over other, less expensive flea collars based on Defendant's marketing and advertising for them.

**Defedant Elanco Animal Health Incorporated**

46.     Defendant Elanco Animal Health Incorporated is an Indiana corporation, with its principal place of business in Greenfield, Indiana.

47.     Defendant is the leading seller of pet collars, which generated over $300 million of revenue in 2019.

48.     Defendant misrepresented the Product through affirmative statements, half-truths, and omissions regarding the safety of the Product.

49.     Defendant sold more of the Product and at higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

50.     By engaging in the misleading and deceptive marketing at issue, Elanco reaped and continues to reap increased sales and profits.

51.     As a result of Elanco's false and misleading representations and omissions at issue, the Products are sold at premium prices, no less than $40 for a small collar, excluding tax, compared to other similar products represented in a non-

1  misleading way, and higher than they would be sold for absent the false and
2  misleading representations and omissions.

3  ## JURISDICTION AND VENUE

4  52.    This Court has original subject matter jurisdiction over this proposed
5  class action under the Class Action Fairness Act of 2005, under 28 U.S.C. §
6  1332(d)(2)(A), because (i) the amount in controversy exceeds $5,000,000 in the
7  aggregate, exclusive of interest and costs, and (ii) this is a class action in which a
8  member of a class of plaintiffs is a citizen of a state different from the state of
9  citizenship of a defendant, as Plaintiff Vargas is a citizen of California, and Elanco
10 is a citizen of Indiana. Furthermore, the number of members of all proposed plaintiff
11 classes in the aggregate is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

12 53.    This Court has personal jurisdiction over Defendant for reasons
13 including but not limited to the following: Plaintiff Vargas's claims arise out of
14 Defendant's conduct within California, including Defendant's conduct of
15 disseminating in California false and misleading representations and omissions
16 regarding the safety of the Product.

17 54.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a
18 substantial part of the events and misrepresentations giving rise to Plaintiff Vargas's
19 claims occurred in this District, including Plaintiff Vargas's purchase of the Product
20 at a PetSmart within this District.

21 ## CLASS ACTION ALLEGATIONS

22 55.    Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil
23 Procedure, Plaintiff Vargas brings this action on behalf of herself and a proposed
24 class (the "California Class") defined as follows:

25     All persons residing in California who have purchased the
26     Seresto flea and tick collar Products for their dogs and cats since
27     March 22, 2017.

28     Excluded from the California Class are: (a) Defendant, any entity

---

1  in which Defendant has a controlling interest, Defendant's board
2  members, executive-level officers, and attorneys, and
3  immediately family members of any of the foregoing persons;
4  (b) governmental entities; (c) the Court, the Court's immediate
5  family, and the Court staff; and (d) any person that timely and
6  properly excludes himself or herself from the California Class in
7  accordance with Court-approved procedures.

8  56.  Pursuant to Rule 23(a), (b)(2), and (b)(3), Plaintiff Hemsley brings this
9  action on behalf of herself and a proposed class (the "Pennsylvania Class") defined
10 as follows:

11  All persons residing in Pennsylvania who have purchased the
12  Seresto flea and tick collar Products for their dogs and cats since
13  March 22, 2015.

14  Excluded from the Pennsylvania Class are: (a) Defendant, any
15  entity in which Defendant has a controlling interest, Defendant's
16  board members, executive-level officers, and attorneys, and
17  immediately family members of any of the foregoing persons;
18  (b) governmental entities; (c) the Court, the Court's immediate
19  family, and the Court staff; and (d) any person that timely and
20  properly excludes himself or herself from the Pennsylvania Class
21  in accordance with Court-approved procedures.

22  57.  Together, the California Class and the Pennsylvania Class are the
23  "Class."

24  58.  Plaintiffs reserve the right to alter the Class definitions as they deem
25  necessary at any time to the full extent that the Federal Rules of Civil Procedure, the
26  Local Rules of the U.S. District Court for the Central District of California, and
27  applicable precedent allow.

28  59.  Certification of Plaintiffs' claims for class-wide treatment is

1 appropriate because Plaintiffs can prove the elements of their claims on a class-wide

2 basis using the same evidence as individual Class members would use to prove those

3 elements in individual actions alleging the same claims.

4     60.   **Numerosity**. The Class consists of thousands of persons throughout

5 California and Pennsylvania.

6     61.   The Class is so numerous that joinder of all members is impracticable,

7 and the disposition of the Class members' claims in a class action will benefit the

8 parties and the Court.

9     62.   **Commonality and Predominance**. The questions of law and fact

10 common to the Class have the capacity to generate common answers that will drive

11 resolution of this action. They predominate over any questions affecting only

12 individual Class members. Common questions of law and fact include, but are not

13 limited to, the following:

14       a.   whether Elanco contributed to, committed, or is responsible for

15 the conduct alleged herein;

16       b.   whether Elanco's conduct constitutes the violations of law

17 alleged herein;

18       c.   whether Elanco's deceptive representations and omissions

19 regarding the safety of the Products are likely to deceive reasonable consumers;

20       d.   whether Elanco acted willfully, recklessly, negligently, or with

21 gross negligence in the violations of laws alleged herein;

22       e.   whether the Class members are entitled to injunctive relief; and

23       f.   whether the Class members are entitled to monetary relief,

24 including restitution and/or damages.

25     63.   By seeing the name, labeling, display, and marketing of the Products,

26 and by purchasing the Products, all Class members were subject to the same

27 wrongful conduct.

28     64.   Absent Elanco's material deceptions, misstatements, and omissions at

issue, Plaintiffs and the Class members would not have purchased the Seresto collar Products.

65. **Typicality**. Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs and the Class members all purchased the Seresto collar Products on account of Defendant's deceptive representations and omissions and were injured thereby.

66. The claims of Plaintiffs and the other Class members are based on the same legal theories and arise from the same false, misleading, and unlawful conduct.

67. **Adequacy**. Plaintiffs are adequate representatives of the Class because their interests do not conflict with those of the other Class members.

68. Each Class member seeks damages reflecting a similar and discrete Product purchase that each Class member made.

69. Plaintiffs have retained competent and experienced class action counsel, who intend to prosecute this action vigorously.

70. The Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

71. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, among other reasons, joinder of all Class members is impracticable.

72. The amount at stake for each Class member, while significant, is such that individual litigation would be inefficient and cost-prohibitive.

73. Plaintiffs anticipate no difficulty in the management of this action as a class action.

74. This Court should certify the Class under Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class, by making illegal, unfair, misleading, and deceptive representations and omissions regarding the Seresto collar Products.

75. This Court should certify the Class under Rule 23(b)(3) because the

1   common issues identified above predominate over any questions affecting individual

2   members and a class is superior to other available methods to fairly and efficiently

3   adjudicate the claims.

4       76. **Notice to the Class**. Plaintiffs anticipate that notice to the proposed

5   Class will be effectuated through recognized, Court-approved notice dissemination

6   methods, which may include United States mail, electronic mail, Internet postings,

7   and/or published notice.

8   <u>**CLAIMS FOR RELIEF**</u>

9   <u>**FIRST CLAIM**</u>

10  **Violation of California's Unfair Competition Law**

11  **CAL. BUS. & PROF. CODE § 17200 *et seq.***

12  **Unlawful Conduct Prong**

13  **By Plaintiff Aitana Vargas on Behalf of the California Class**

14      77. Plaintiff Aitana Vargas repeats each and every allegation contained in

15  the paragraphs above and incorporates such allegations by reference herein.

16      78. Plaintiff Vargas brings this claim against Defendant on behalf of the

17  California Class for violation of the "unlawful" prong of California's Unfair

18  Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL").

19      79. The acts, omissions, misrepresentations, and practices of Elanco at

20  issue constitute unlawful business acts and practices under the UCL.

21      80. Elanco's acts, omissions, misrepresentations, and practices are

22  unlawful because they violate California's False Advertising Law, CAL. BUS. &

23  PROF. CODE § 17500 *et seq.* ("FAL"), and California's Consumers Legal Remedies

24  Act, CAL. CIV. CODE § 1750 *et seq.* ("CLRA"), as set out below.

25      81. Defendant's representations and omissions that the Seresto collar

26  Products are adequate and safe are false and likely to deceive the public, as is

27  Defendant's failure to mention the numerous adverse reactions and deaths of pets

28  related to their usage of the collars.

82. Plaintiff Vargas and the California Class members would not have purchased the collar Products absent Defendant's misleading and deceptive marketing campaign and labeling regarding the safety of the Products.

83. Elanco's deceptive advertising caused Plaintiff Vargas and the members of the California Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to make their Product purchases over other products that are less expensive and without the harmful and dangerous effects of the Seresto collar Products.

84. In accordance with California Business and Professions Code section 17203, Plaintiff Vargas, on behalf of the California Class, seeks an order enjoining Elanco from continuing to conduct business through the unlawful acts and practices at issue and to commence a corrective advertising campaign.

85. On behalf of the California Class, Plaintiff Vargas also seeks an order for the disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through the violations of the unlawful prong of the UCL at issue.

86. Therefore, Plaintiff Vargas prays for relief as set forth below.

## SECOND CLAIM

### Violation of California's Unfair Competition Law

### CAL. BUS. & PROF. CODE § 17200 *et seq.*

### Unfair and Fraudulent Conduct Prongs

### By Plaintiff Aitana Vargas on Behalf of the California Class

87. Plaintiff Aitana Vargas repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

88. Plaintiff Vargas brings this claim against Defendant on behalf of the California Class for violation of the "unfair" and "fraudulent" prongs of the UCL.

89. California Business and Professions Code section 17200 prohibits any unfair or fraudulent business act or practice.

90. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures at issue, including its false and misleading labeling of the Seresto collar Products, constitute unfair business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.

91. Furthermore, the gravity of Elanco's conduct at issue outweighs any conceivable benefit of such conduct.

92. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures at issue, including its false and misleading labeling of the Seresto collar Products regarding the safety of the Products, constitute fraudulent business acts and practices.

93. Elanco's labeling and marketing of the Seresto collar Products are likely to deceive reasonable consumers, including Plaintiff Vargas and the California Class members. Defendant's representations and omissions that the Seresto collar Products are adequate and safe are false and likely to deceive the public, as is Defendant's failure to mention the numerous adverse reactions and deaths of pets related to their usage of the collars.

94. Plaintiff Vargas and the California Class members would not have purchased the collar Products absent Defendant's misleading and deceptive marketing campaign and labeling regarding the safety of the Products.

95. Elanco either knew or reasonably should have known that the claims and statements on the labels of the Products were likely to deceive reasonable consumers about the safety of the Products.

96. Elanco's deceptive representations and omissions about the Products caused Plaintiff Vargas and the members of the California Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to make their Product purchases over other products that are less expensive and without the harmful and dangerous effects of the Seresto collar Products.

97.     In accordance with California Business and Professions Code section 17203, Plaintiff Vargas, on behalf of the California Class, seeks an order enjoining Elanco from continuing to conduct business through the unfair and/or fraudulent acts and practices at issue and to commence a corrective advertising campaign.

98.     On behalf of the California Class, Plaintiff Vargas seeks an order for the disgorgement and restitution of all monies from the sale of the collar Products that were unjustly acquired through the acts of unfair and/or fraudulent competition at issue.

99.     Therefore, Plaintiff Vargas prays for relief as set forth below.

### THIRD CLAIM

**Violation of California's False Advertising Law**

**CAL. BUS. & PROF. CODE § 17500 *et seq.***

**By Plaintiff Aitana Vargas on Behalf of the California Class**

100.     Plaintiff Aitana Vargas repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

101.     Plaintiff Vargas brings this claim against Defendant on behalf of the California Class for violation of the FAL.

102.     The FAL prohibits making any untrue or misleading advertising claim. CAL. BUS. & PROF. CODE § 17500.

103.     Elanco, in its marketing and labeling of the Seresto collar Products, makes false and misleading advertising claims because the Product marketing and labeling deceive reasonable consumers as to the safety of the Products.

104.     Defendant's representations and omissions that the Seresto collar Products are adequate and safe are false and likely to deceive the public, as is Defendant's failure to mention the numerous adverse reactions and deaths of pets related to their usage of the collars.

105.     In reliance on the false and misleading advertising representations and omissions at issue, Plaintiff Vargas and the members of the California Class

1  purchased and used the Seresto collar Products without knowledge that they caused,

2  or greatly increased the risk of, serious injury or death to their pets and caregivers.

3      106.  Plaintiff Vargas and the California Class members would not have

4  purchased the collar Products absent Defendant's misleading and deceptive

5  marketing campaign and labeling regarding the safety of the Products.

6      107.  Elanco knew or should have known that its Product labeling and

7  marketing were likely to deceive reasonable consumers regarding the safety of the

8  Products.

9      108.  Elanco's deceptive representations and omissions about the Products

10  caused Plaintiff Vargas and the members of the California Class to suffer injury in

11  fact and to lose money or property, as it denied them the benefit of the bargain when

12  they decided to make their Product purchases over other products that are less

13  expensive and without the harmful and dangerous effects of the Seresto collar

14  Products.

15      109.  As a result of the foregoing, Plaintiff Vargas and the California Class

16  seek injunctive and equitable relief, restitution, and an order for the disgorgement of

17  the funds by which Elanco was unjustly enriched on account of its untrue and

18  misleading advertising of the Seresto collar Products.

19      110.  Therefore, Plaintiff Vargas prays for relief as set forth below.

20                   **FOURTH CLAIM**

21      **Violation of California's Consumers Legal Remedies Act**

22          **CAL. CIV. CODE § 1750 *et seq.***

23      **By Plaintiff Aitana Vargas on Behalf of the California Class**

24            **Seeking Injunctive Relief Only**

25      111.  Plaintiff Aitana Vargas repeats each and every allegation contained in

26  the paragraphs above and incorporates such allegations by reference herein.

27      112.  Plaintiff Vargas brings this claim against Defendant on behalf of the

28  California Class for violation of the CLRA.

113.   This claim seeks <u>injunctive relief only</u>, pursuant to California Civil Code section 1782(d).

114.   Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

115.   Plaintiff Vargas and the California Class members are "consumers" as the CLRA defines that term in California Civil Code section 1761(d).

116.   Defendant sold the Seresto collar Products, which are "goods" within the meaning of California Civil Code section 1761(a), to Plaintiff Vargas and the California Class members.

117.   Defendant's policies, acts, and practices were designed to, and did, result in Plaintiff Vargas's and the California Class members' purchase and use of the Seresto collar Products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the California Civil Code section 1770:

        a.    section 1770(a)(5), which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

        b.    section 1770(a)(7), which prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

        c.    section 1770(a)(9), which prohibits advertising goods or services with intent not to sell them as advertised; and

        d.    section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

118.   Elanco's labeling and marketing of the Seresto collar Products are likely to deceive reasonable consumers, including Plaintiff Vargas and the California

1  Class members. Defendant's representations and omissions that the Seresto collar
2  Products are adequate and safe are false and likely to deceive the public, as is
3  Defendant's failure to mention the numerous adverse reactions and deaths of pets
4  related to their usage of the collars.

5      119.   Plaintiff Vargas and the California Class members would not have
6  purchased the collar Products absent Defendant's misleading and deceptive
7  marketing campaign and labeling regarding the safety of the Products.

8      120.   Elanco knew or should have known that its Product labeling and
9  marketing were likely to deceive reasonable consumers regarding the safety of the
10 Products.

11     121.   Elanco's deceptive representations and omissions about the Products
12 caused Plaintiff Vargas and the members of the California Class to suffer injury in
13 fact and to lose money or property, as it denied them the benefit of the bargain when
14 they decided to make their Product purchases over other products that are less
15 expensive and without the harmful and dangerous effects of the Seresto collar
16 Products.

17     122.   Plaintiff Vargas and the California Class members request that this
18 Court enjoin Defendant from continuing to employ the unlawful methods, acts, and
19 practices alleged herein pursuant to California Civil Code section 1780(a)(2). If
20 Defendant is not restrained from engaging in these types of practices in the future,
21 Plaintiff Vargas and the California Class members will be harmed in that they will
22 continue to be unable to rely on Defendant's deceptive representations and
23 omissions regarding the safety of the Products.

24     123.   Therefore, Plaintiff Vargas prays for relief as set forth below.

25
26
27
28

**FIFTH CLAIM**

**Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. STAT. ANN. § 201 *et seq.***

**By Plaintiff Faye Hemsley on Behalf of the Pennsylvania Class**

124.    Plaintiff Faye Helmsley repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

125.    Plaintiff Hemsley brings this claim against Defendant on behalf of the Pennsylvania Class for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. STAT. ANN. § 201-1 *et seq.*

126.    Defendant's representations and omissions that the Seresto collar Products are adequate and safe are false and misleading, as is Defendant's failure to mention the numerous adverse reactions and deaths of pets related to their usage of the collars.

127.    Plaintiff Hemsley and the Pennsylvania Class members relied upon Defendant's misleading representations and omissions at issue in purchasing the collar Products for their dogs and cats.

128.    Plaintiff Hemsley and the Pennsylvania Class members would not have purchased the collar Products absent Defendant's misleading and deceptive marketing campaign and labeling regarding the safety of the Products.

129.    Elanco's deceptive representations and omissions about the Products caused Plaintiff Hemsley and the members of the Pennsylvania Class to suffer injury and damages, as it denied them the benefit of the bargain when they decided to make their Product purchases over other products that are less expensive and without the harmful and dangerous effects of the Seresto collar Products.

130.    Therefore, Plaintiff Hemsley prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, respectfully request the Court to enter an Order:

A.    certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding statutory damages in the maximum amount for which the law provides;

F.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.    providing for any and all equitable monetary relief the Court deems appropriate;

H.    awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.    awarding Plaintiffs their reasonable costs and expenses of suit, including attorneys' fees;

J.    awarding pre- and post-judgment interest to the extent the law allows; and

K.    providing such further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all causes of action so triable.

1   Date: March 22, 2021                    Respectfully submitted,

2                                           **REESE LLP**

3                                    By:  */s/ George V. Granade*

4                                           George V. Granade (SBN 316050)
                                            *ggranade@reesellp.com*
5                                           8484 Wilshire Boulevard, Suite 515
                                            Los Angeles, California 90211
6                                           Telephone: (310) 393-0070
                                            Facsimile: (212) 253-4272

7                                           **REESE LLP**
                                            Michael R. Reese (SBN 206773)
8                                           *mreese@reesellp.com*
                                            100 West 93rd Street, 16th Floor
9                                           New York, New York 10025
                                            Telephone: (212) 643-0500
10                                          Facsimile: (212) 253-4272

11                                          **SHEEHAN & ASSOCIATES, P.C.**
                                            Spencer Sheehan (*pro hac vice*
12                                          forthcoming)
                                            *spencer@spencersheehan.com*
13                                          60 Cuttermill Road, Suite 409
                                            Great Neck, New York 11021
14                                          Telephone: (516) 268-7080
                                            Facsimile: (516) 234-7800
15
                                            **THE KEETON FIRM LLC**
16                                          Steffan Keeton (*pro hac vice*
                                            forthcoming)
17                                          *stkeeton@keetonfirm.com*
                                            100 South Commons, Suite 102
18                                          Pittsburgh, Pennsylvania 15212
                                            Telephone: (888) 412-5291
19
                                            *Counsel for Plaintiffs Aitana Vargas and*
20                                          *Faye Hemsley and the Proposed Class*

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT
*Vargas v. Elanco Animal Health Inc.*, No. 2:21-cv-02506
22