A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ BROOK GUDAUSKY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
August 26, 2021

Presiding Judge John Robert Blakey
Magistrate Judge Heather K. McShain
Filed Date 08-23-21
Case No. 1:21-cv-4447
Clerk's Initials (nsf)

2:21-CV-02506-VAP-KSx

Aitana Vargas et al v. Elanco Animal Health Incorporated

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SERESTO FLEA AND TICK COLLAR
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION


FILED
CLERK, U.S. DISTRICT COURT
AUG 30 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RS___ DEPUTY

MDL No. 3009

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in the District of New Jersey *Revolinsky* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of New Jersey. This litigation consists of twelve actions pending in seven districts, as listed on Schedule A. The parties have informed the Panel of four related actions pending in four districts.[1]

Plaintiffs in all sixteen actions support centralization, but disagree as to the proposed transferee district. Plaintiffs in the District of New Jersey *Bomwell* action support centralization in the District of New Jersey. Plaintiffs in ten actions on the motion and two related actions suggest instead centralization in the Western District of Missouri. Plaintiffs in one of these actions alternatively suggest the District of Kansas as a potential transferee forum. Plaintiffs in the related action pending in the Southern District of Indiana support that district as the transferee forum, while plaintiff in a related action pending in the Eastern District of Pennsylvania suggests that district, or alternatively, the District of New Jersey. Defendants oppose centralization.[2] Alternatively, they suggest the Southern District of Indiana or the Northern District of Illinois as the transferee district.

On the basis of the papers filed and the hearing session held,[3] we find that the actions listed

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The responding defendants include: Bayer Healthcare LLC, Bayer Healthcare Animal Health Inc., and Bayer Corporation (collectively, Bayer); and Elanco Animal Health Inc. and Elanco U.S. Inc. (collectively, Elanco).

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 29, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3009 (J.P.M.L. July 12, 2021), ECF No. 69.

on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that the pesticides in Elanco's Seresto Flea and Tick Collar can harm or even kill dogs and cats, as well as cause harm in humans. Plaintiffs allege that defendants knew, or should have known, as early as 2013 that Seresto collars were defective. Plaintiffs further allege that defendants concealed this information in their marketing of the Seresto collars, and that they continue to promote the collars as safe and effective. These actions thus will entail common discovery regarding the development and safety of the Seresto collars. All the actions are putative consumer class actions asserting overlapping claims for violations of state consumer protection statutes, breach of warranties, and unjust enrichment. Several of the asserted nationwide and state classes overlap. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary.

Defendants primarily argue that centralization would be premature and that alternatives to centralization, such as informal coordination or transfer under Section 1404, exist to eliminate the multidistrict character of this litigation.[4] This argument is not persuasive. This litigation now encompasses sixteen related actions pending in ten districts, which allege similar, if not identical, claims and involve overlapping putative classes. Defendants have not pointed to any concrete potential for coordination or consolidation of these actions. Given the number of parties and counsel, as well as the wide geographic distribution of the actions, centralization is the most practicable means of coordinating the pretrial proceedings in this litigation.

The Northern District of Illinois is an appropriate transferee district for this litigation. This district presents an accessible and geographically central venue for this litigation. The Northern District of Illinois is reasonably close to both the Kansas City and Indianapolis metro areas, where the parties assert that relevant documents and witnesses are located. Furthermore, the Northern District of Illinois has the resources and the capacity to efficiently handle this nationwide litigation. We are confident that the Honorable John R. Blakey, who has not yet had the opportunity to preside over an MDL, will steer this litigation on a prudent and expeditious course.

---

[4] At oral argument, counsel for defendants also asserted, with little explanation, that the Seresto actions do not share common questions of fact and law. As explained above, this assertion is incorrect. The actions share significant factual questions regarding the Seresto collars and defendants' conduct with respect to those collars.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John R. Blakey for coordinated or consolidated pretrial proceedings.

                        PANEL ON MULTIDISTRICT LITIGATION

                        _____
                                 Karen K. Caldwell
                                      Chair

| Catherine D. Perry | Nathaniel M. Gorton |
| --- | --- |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: SERESTO FLEA AND TICK COLLAR
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**     MDL No. 3009

## SCHEDULE A

<u>Central District of California</u>

| | |
|---|---|
| 1: 21-cv-4476 | VARGAS, ET AL. v. ELANCO ANIMAL HEALTH INCORPORATED, C.A. No. 2:21−02506 |
| 1:21-cv-4478 | SCHNEIDER v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 2:21−02771 |

<u>Northern District of California</u>

| | |
|---|---|
| 1: 21-cv-4479 | MERRIMAN v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 3:21−02227 |
| 1: 21-cv-4480 | DPHREPAULEZZ v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 3:21−02439 |

<u>Southern District of Florida</u>

| | |
|---|---|
| 1:21-cv-4482 | CZERNIAK v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 9:21−80689 |

<u>Northern District of Illinois</u>

BORCHEK, ET AL. v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 1:21−02099

<u>Eastern District of Missouri</u>

| | |
|---|---|
| 1:21-cv-4483 | MCDERMOTT, ET AL. v. ELANCO ANIMAL HEALTH, INC., ET AL., C.A. No. 4:21−00461 |

<u>District of New Jersey</u>

| | |
|---|---|
| 1:21-cv-4484 | MAIORINO v. BAYER CORPORATION, ET AL., C.A. No. 2:21−07579 |
| 1: 21-cv-4485 | BOMWELL, ET AL. v. BAYER HEALTHCARE, LLC, ET AL., C.A. No. 2:21−09479 |
| 1: 21-cv-4486 | REVOLINSKY v. ELANCO ANIMAL HEALTH INCORPORATED, ET AL., C.A. No. 2:21−10003 |

<u>Southern District of New York</u>

| | |
|---|---|
| 1: 21-cv-4488 | WALSH v. ELANCO ANIMAL HEALTH, INC., C.A. No. 1:21−02929 |
| 1: 21-cv-4489 | DAHLGREN v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 1:21−03109 |